UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff/Respondent, | ) ) ) No. 2:21-CR-35-DLB-HAI-1 |
| v. | ) ) RECOMMENDED DISPOSITION |
| RADAJA N. FORD, | ) ) ) |
| Defendant/Movant. | ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court herein recommends that the District Judge grant petitioner Radaja N. Ford's motion to dismiss her own habeas petition.

On September 4, 2023 (under the mailbox rule), federal prisoner Radaja N. Ford filed a *pro se* motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 95. Ford's § 2255 motion alleged several instances of ineffective assistance of counsel. A memorandum in support followed, accompanied by a factual declaration. D.E. 101. The government responded in opposition (D.E. 110) and filed an affidavit by Ford's appointed trial counsel, F. Dennis Alerding (D.E. 112). Ford replied. D.E. 115.

Ford pleaded guilty in March 2022 (under a written plea agreement) to one count of conspiracy to distribute 400 grams or more of fentanyl and one count of distribution of fentanyl. D.E. 57 (plea agreement). In August 2022, she was sentenced to 228 months of imprisonment. D.E. 88 (judgment). This was below her Guidelines Range of 262 to 327 months. *See* D.E. 99 at 55 (sentencing transcript). The Court found that three two-level enhancements applied—

possessing a weapon (USSG § 2D1.1(b)(1)), using violence (§ 2D1.1(b)(2)), and having a leadership role (§ 3B1.1(c)). Ford also received three credits for acceptance of responsibility. USSG § 3E1.1(a).

On January 12, 2024, the undersigned ordered an evidentiary hearing to resolve a factual dispute in the record. D.E. 116. Christy Love was appointed to represent Ford throughout the remaining proceedings in this District. Following a scheduling teleconference (D.E. 131), the Court conducted a hearing on April 17, 2024, in Lexington (D.E. 135). Ford and her trial attorney both testified. D.E. 136. The record contains a transcript of the hearing. D.E. 140.

At the hearing, Ford argued that, absent ineffective assistance of counsel, she would have entered an open plea to the Indictment and received a lesser sentence by successfully challenging the sentencing enhancements. To assess any potential prejudice, the Court ordered the parties to include in their post-hearing memo a calculation of Ford's potential sentencing range under an open plea as opposed to under her signed plea agreement. In response, Ford filed a chart at Docket Entry 141-1. The government agreed with the chart. D.E. 142 at 12.

According to the chart, Ford's actual Guidelines Range at sentencing was 262 to 327 months. She could have obtained a lower range by successfully challenging enhancements for possessing a firearm, for using violence, and for having a leadership role. D.E. 141-1. However, were she unsuccessful in challenging these enhancements, on an open plea, she would have faced a significantly higher Guidelines Range of 324 to 405 months. *Id*. The government additionally argued that Ford's Range could have been 360 months to life under this scenario if the Court also found she testified falsely at her sentencing hearing. D.E. 142 at 12. Again, Ford's actual sentence of 228 months was below her Guidelines Range.

As previously referenced, Ford filed a post-hearing memorandum (D.E. 141), as did the government (D.E. 142). However, instead of a reply memo, Ford then filed, on July 9, 2024, a motion to dismiss her petition. D.E. 145. The motion is accompanied by a signed, handwritten note by Ford, stating, "I Radaja Ford would like to dismiss 2255[;] I'm aware I can't raise these claims again." D.E. 145-1. At this juncture, the Court has no reason to question the wisdom of this decision. The Court has no basis to find the decision to dismiss is irrational, involuntary, or inconsistent with the advice of counsel. *See* D.E. 143, 145.

Thus, the undersigned now **RECOMMENDS** that Ford's unopposed motion to dismiss (D.E. 145) be **GRANTED** and her § 2255 motion (D.E. 95) be **DISMISSED**.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 21st day of August, 2024.

Signed By:
*Hanly A. Ingram*
**United States Magistrate Judge**